IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   4:11 CR 101 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CARLTON COUNCIL, JR., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter is before the Court on Defendant, Carlton Council, Jr.'s pro se Motion to Vacate under 28 U.S.C. § 2255.  (ECF #414).  The Government filed a response in opposition to Mr. Ballinger's Motion (#450), and the Court held a hearing on the matter on April 4, 2012.

Mr. Council initially waived a detention hearing before Magistrate Judge Limbert and was ordered detained.  (ECF #118, 119).  Subsequently, Mr. Council filed a motion for reconsideration, (ECF #326), and a motion for detention hearing (ECF #329).  On September 26, 2011, Mr. Council received a full detention hearing before Magistrate Judge George J. Limbert. Following that initial hearing, Magistrate Judge Limbert found that the Defendant had not rebutted the presumption against pre-trial release, and that no condition or combination of conditions would reasonably assure the appearance of the defendant for future proceedings, or the safety of the community.  Further, the Court found that, if released,  there is a serious risk that the defendant will not appear, and that there is a serious risk that the defendant will endanger the safety of another person or the community.  Specifically Magistrate Limbert found

by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance or the safety of the community as required and that the factors of 18 U.S.C. § 3142(g) weigh heavily against releasing the Defendant.  The Court found that Mr. Council has no full time job; that he had been shot three times in 2006; that he has at least four convictions as an adult, two of which involved firearms, and two that were drug related; that he had prior juvenile convictions and probation violations as a minor; and, "most importantly" that he failed to show for his sentencing on a carrying a concealed weapon conviction, had a bench warrant issued, and had two probation violations, with one revocation on that same conviction.  In addition, Mr. Council has a probation violation on a separate drug possession conviction.   (ECF # 335).  His history clearly establishes a risk of flight or nonappearance and a danger to the community.  In addition, he is facing a lengthy sentence; and, the current charges allege that he participated in an enterprise which was involved in numerous illegal and violent activities, including murder, attempted murder, felonious assault, drug trafficking, witness intimidation, robbery, firearm trafficking, theft, receiving stolen property, carjacking, breaking and entering, and burglary.

      The Defendant seeks reconsideration of his detention order through a pro se motion filed pursuant to 28 U.S.C. § 2255.  Because Mr. Council is represented by counsel, this Court is not required to consider a motion that he has filed pro se.  *United States v. Johnson*, 470 F.3d 1234, 1239 (8th Cir. 2006); *United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3rd Cir. 2006). Further, a section 2255 motion is not an appropriate vehicle by which to address the appropriateness of pretrial detention.  A federal district court has jurisdiction to entertain a section 2255 motion only if the Defendant is under a sentence of a federal court.  As this case has not yet been tried, no conviction has been rendered, and no sentence has been imposed, there

is no remedy available to Mr. Council under 28 U.S.C. § 2255.

Nonetheless, the Court has reviewed the motion and set a hearing to allow Mr. Council to present arguments and evidence, through his lawyer, relating to the appropriateness of detention in this case.  Mr. Council presented several argument through his attorney including the fact that he turned himself in; he believes the evidence against him is weak and certain accusations are outrageous; that he believes his sentence, if he is convicted, will have been more than 25% served prior to the start of trial; and that he has passed a urinalysis test.  There is no evidence, however, of any change of circumstance or new evidence that was not available at the time of his original hearing that would support a reconsideration of his current detention.

The Court is cognizant that Mr. Council has been in custody for an extended period of time while this case has been proceeding, however, the trial date is closely approaching and is currently set for June 6th, 2012.   More importantly, however, he has failed to present any new evidence that would undermine the initial determination that detention is appropriate in this case. The relative strength of the evidence against him is not an issue that can be determined at this stage of the proceedings, and the charges remain serious, with the possibility of a lengthy sentence if he were to be convicted.  None of the arguments presented constitutes new evidence that would alter the analysis performed by Magistrate Limbert, nor is there sufficient evidence to rebut the presumption against pre-trial release.  Nothing presented by the Defendant changes his history of non-compliance with the terms of release, or his history of prior convictions, or his previous failure to appear for sentencing.  The Court, therefore, finds that there is still no condition or combination of conditions that would reasonably assure the appearance of the defendant for future proceedings, or ensure the safety of the community.

Mr. Council's Motion for Bond is, therefore, DENIED.  **IT IS SO ORDERED**

                                        /s/ Donald C. Nugent
                                      DONALD C. NUGENT
                                      United States District Judge

DATED: April 17, 2012